### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT PADUCAH
### CIVIL ACTION NO. 5:15CV-63-TBR

RONALD H. HOBSON                                                    PLAINTIFF

v.

PRESIDENT OBAMA                                                    DEFENDANT

### MEMORANDUM OPINION

Plaintiff Ronald H. Hobson filed this *pro se* action proceeding *in forma pauperis*. This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Upon initial screening of the complaint, the instant action will be dismissed for the reasons that follow.

### I.

Plaintiff filed the complaint on his own paper naming President Obama as the only Defendant. In the caption of the complaint, he states, "DISCIMINATION, FAILURE TO REPRESENT AMERICAN CITIZENS WHILE REPRESENTING ILLEGAL ALIENS[;] CLAIM FOR DAMAGES: RECOUP OF INVESTMENT AND EXPENDITURES THROUGH WAITING AND HARDSHIP CAUSED." In the body of his complaint, Plaintiff states as follows:

> The Petitioner, Ronald Hobson, filed for a I-129F VISA . . . through the USCIS as a citizen of the United States in order to bring his Fiancé, Xysa Lou Arcamo of the Philippines, to the United States of America to be married and live as spouse and Primary Home Health Aid. Current investment in process is approximately $2500 directly with an indirect secondary cost of $21,500 paid in Home Health Care awaiting approval thus far and an additional $2400 (approximate) paid in support to Xysa Lou Arcamo as responsible Partner/Fiancé/Husband. President

Obama committed an act of direct Discrimination against Americans processing legally by allowing illegals to have priority without costs.

Under the heading, "REQUESTS," Plaintiff states, "Ronald Hobson begs the court to please order an immediate approval of the I-129F process." He also requests, "Ronald Hobson begs the court to please award a sum of $25,000 (twenty-five thousand dollars) towards recoup of investment when President Obama is giving away this process for free." Plaintiff also states as follows:

> Ronald Hobson begs the court to please award the sum of $100,000 (one hundred thousand dollars) for pain and suffering and time and effort in maintaining regular Home Health Care while filing and awaiting a legal process President Obama waived for "illegal persons only" in direct discrimination against Ronald Hobson and Xysa Lou Arcamo who are pursuing immigration legally which has been denied through USCIS incompetence of denying receipt of requested extra documentation after verifying receipt twice verbally; calls are recordings as made with adaptive device for memory assistance.

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

## III.

Plaintiff cites no federal statute under which he is suing President Obama.  Because he alleges discrimination, the Court construes the complaint as bringing a civil-rights action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).  However, a *Bivens* claim against the President of the United States, himself, arising from his official duties as the head of the executive branch of the United States Government, is barred by the doctrine of sovereign immunity.  The United States, its department, and agencies cannot be sued without its express consent.  *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  The United States has not consented to suit under the *Bivens* Doctrine, and the President of the United States is immune from suits concerning his official acts.  *See Idrogo v. U.S. Army*, 18 F. Supp. 2d 25 (D.D.C. 1998).

Further, if Plaintiff wishes to assert a claim against President Obama in his individual capacity, he must show how President Obama is accountable because he was personally involved in the acts about which Plaintiff complains.  *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). The complaint does not allege, nor is it plausible, that President Obama was directly or

personally involved in the handling of Plaintiff's fiancé's visa request.  Moreover, if Plaintiff

wishes to hold President Obama liable under a *respondeat superior* theory, or the right to control

employees, *respondeat superior* cannot form the basis of liability in a *Bivens* action.  *Monell v.*

*Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978).  Therefore, Plaintiff's claims must

be dismissed for failure state a claim upon which relief may be granted.

Furthermore, with respect to Plaintiff's request for "immediate approval of the I-129F

process," the process for applying for a fiancé visa is governed by 8 U.S.C. § 1184(d)(1), which

gives this Court no authority to award Plaintiff's visa request.

A separate Order dismissing the action will be entered consistent with this Memorandum

Opinion.

Date:

cc:     Plaintiff, *pro se*
        U.S. Attorney
4413.010